Filed 4/9/13  P. v. Howe CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN HOWE,<br><br>    Defendant and Appellant. | F064332<br><br>(Super. Ct. No. 10CM8754)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Ronald R. Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Kane, J., and Poochigian, J.

**STATEMENT OF THE CASE**

Appellant, Steven Howe, was charged on June 9, 2011, in an information with one count of possession of marijuana while being an inmate in state prison (Pen. Code, § 4573.6).[1] The information also alleged 28 serious or violent felonies pursuant to the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)). The information also alleged three prior prison term enhancements (§ 667.5, subd. (b)).

On November 21, 2011, appellant entered into a plea agreement wherein he would admit the substantive count and 15 prior serious felony convictions in exchange for dismissal of the remaining allegations. The parties agreed that the factual basis for appellant's plea was that on January 31, 2010, appellant possessed marijuana in Avenal State prison without permission. Appellant was informed of the consequences of his plea, including the fact that he was facing a sentence of 25 years to life. Appellant was also advised that he could request that the court strike some of his prior serious felony convictions. The court informed appellant of his constitutional rights pursuant to *Boykin/Tahl*[2] and appellant waived them. Appellant pled guilty to possession of marijuana in state prison and admitted 15 prior serious felony convictions.

On January 20, 2012, the trial court declined to exercise its discretion to strike any of appellant's prior serious felony allegations and sentenced him to prison for a term of 25 years to life to be served consecutively to the sentence appellant was serving when he committed this offense. The court imposed a $200 restitution fine. Appellant did not

---

[1] All statutory references are to the Penal Code.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

2

obtain a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).[3]

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on June 6, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

[3]     In *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-181, we recently ruled, inter alia, that Proposition 36, approved by the voters on November 6, 2012, applies prospectively and does operate retroactively. On January 31, 2013, this court denied appellate counsel's motion to file a supplemental brief addressing retroactive application of Proposition 36. Our opinion in the instant appeal is issued without prejudice to appellant pursuing his right to file a motion in the trial court pursuant to the postconviction procedures set forth in section 1170.126. (*Yearwood*, *supra*, at pp. 175-176.)